

CHRISTINE A. AMALFE
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4829 Fax: (973) 639-6230
camalfe@gibbonslaw.com

January 13, 2021

**VIA ECF**

Hon. Katherine Polk Failla, U.S.D.J.
Thurgood Marshall United States District Courthouse
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      Re:   <u>**GalaxE.Solutions, Inc. v. Suresh Pande**
            **Case No. 19-cv-4784 (KPF)**</u>

Dear Judge Polk Failla:

      This firm represents GalaxE.Solutions, Inc. ("GalaxE") in the above-referenced matter. As requested by Your Honor during the January 5, 2021 pretrial conference, GalaxE submits this letter in support of its request for access to Defendant Suresh Pande's personal Google Drive and personal devices for forensic inspection and analysis and for a targeted search of his personal email accounts.

      **I.**     <u>**Relevant Background**</u>

      Defendant was employed by GalaxE for approximately 15 years and, from 2013 until his separation on December 31, 2018, served as the Executive Vice President of Global Operations. On December 11, 2018, Defendant was notified of the termination of his employment as part of a reduction in force. Shortly after the meeting, Defendant left GalaxE's office with his company-issued laptop and cell phone in hand.

      On December 14, 2018, GalaxE Human Resources sent Defendant a Separation Fact Sheet ("Fact Sheet"), reminding him of his post-separation obligations pursuant to several GalaxE policies and his 2013 Confidentiality Agreement. The Fact Sheet directed Defendant to return all GalaxE and GalaxE client confidential and proprietary information in his possession to the company.

      Undeterred by and in contravention of his contractual and other obligations to GalaxE and the Fact Sheet that he had just received, on or around December 15, 2018, Defendant copied the contents of his GalaxE laptop, including his entire Outlook account containing ***50,320*** emails, documents, and images (15.38 gigabytes of data) and approximately 1,600 other documents (collectively the "GalaxE data") to a personal Google Drive, a cloud-based file storage repository offered by Google to account holders. These documents include a host of confidential and proprietary information of GalaxE and its clients, such as sales leads and business development opportunities for existing GalaxE clients; presentations discussing the technical features of GalaxE

GIBBONS P.C.

Hon. Katharine Polk Failla, U.S.D.J.
January 13, 2021
Page 2

products; GalaxE client statements of work and work orders; GalaxE's current and forecasted revenue, gross profit, and EBITDA; GalaxE's master service agreement terms, identified growth and cross-sell opportunities and key services utilized for specific GalaxE clients in the healthcare, pharmacy, financial services, and retail industries. Contrary to Defendant's suggestion, much of the information taken by Defendant is not stale or dated. The documentation includes confidential and proprietary information and trade secrets. Indeed, the breadth of the taking was so broad that Defendant also downloaded copies of GalaxE's Chief Executive Officer's passport and driver's license. During his December 29, 2020 deposition, Defendant testified that he did not think about what he wanted or needed to copy. Instead, he testified that he just tried to copy everything.

The following day, on or around December 16, 2018, GalaxE retrieved the laptop and cell phone from Defendant for return to the company. Defendant testified that he deleted everything from the laptop and reset the cell phone before returning them to GalaxE. Defendant did not tell anyone from GalaxE that he had copied the data because, in his view, he "did not need to." Then, according to his deposition testimony, in January and February 2019, Defendant accessed the GalaxE data on his Google Drive on multiple occasions using a personal laptop and cell phone and sorted through it. He claims that he separated his personal data and the GalaxE data into separate folders, which had been previously commingled on his GalaxE laptop.

When GalaxE filed this action on May 23, 2019 and asserted its breach of contract and Defend Trade Secrets Act claims, it suspected that Defendant had taken confidential and trade secret information but was unaware of Defendant's misconduct with respect to the GalaxE data on the laptop. When Defendant served his Rule 26 Initial Disclosures on October 8, 2019, he did not disclose that he was in possession of the GalaxE data or that he had downloaded anything from his GalaxE laptop. In fact, it was not until January 8, 2020, more than a year after he took the GalaxE data, that Defendant first disclosed his unlawful actions to GalaxE in written discovery responses. Thus, for more than a year, Defendant had unfettered access to the GalaxE data that now resided on his personal Google drive. GalaxE demanded and its attorneys were given access to what they believed was Defendant's Google Drive and retrieved copies of the GalaxE data. Late last year, GalaxE's forensic expert, Consilio LLC, was also granted limited, folder-level access to the data via an emailed link provided by defense counsel. GalaxE also demanded that Defendant no longer have access to the data and were advised that he no longer could access the information obtained from the GalaxE laptop. During Defendant's recent deposition, GalaxE learned that in or around February 2020, the GalaxE data was transferred from Defendant's personal Google Drive to his attorney's Google Drive and then deleted from Defendant's Google Drive. Thus, GalaxE's and Consilio's access was to the *attorney's* Google Drive and not the *original* drive to which Defendant first copied the data.

In order to evaluate Defendant's post-December 2018 activity and actions concerning the GalaxE data and for the reasons that follow, GalaxE is requesting the following:

1. That its forensic expert Consilio be given direct <u>account holder-level access</u> to Defendant's Google Drive;

GIBBONS P.C.

Hon. Katharine Polk Failla, U.S.D.J.
January 13, 2021
Page 3

    2.    That Consilio be permitted to secure a forensic image and conduct a forensic analysis of the personal devices that Defendant admittedly used to access the GalaxE data after it was taken and during the one year period he had complete control of the data; and

    3.    That Defendant's personal email account(s) be searched using targeted search terms for a reasonable time period.

## II.    Access to Defendant's Google Drive

This case involves, in part, the taking of more than 50,000 documents by an executive-level GalaxE employee in the final days of his employment. There is no genuine dispute that in addition to Defendant's admitted taking and possession of the GalaxE data, evidence concerning Defendant's actions is in digital form. Discovery must therefore include a forensic analysis of the digital evidence and GalaxE retained Consilio for that precise purpose.

Consilio must be given direct access to Defendant's Google Drive to examine the digital evidence that resides there including, but not limited to, the drive activity logs. Activity logs track the account holder's activity concerning the drive contents. Relevant to this case, the activity logs would show when Defendant acquired the GalaxE data and whether it was opened, edited, moved, shared, transferred, downloaded to a laptop, flash or other device, printed, copied, renamed, modified or deleted. Direct access to the drive is needed in order to review these logs because the logs are personal to the drive itself. Notably, contrary to the suggestion by Defendant's counsel, as discussed below, the activity logs for the drive did not go with the data when the data was transferred by Defendant to his counsel.

When Consilio accessed the GalaxE data via the emailed link sent by defense counsel, we now know that its access was to the attorney's Google Drive. Because of the way the data was shared, Consilio was only able to collect the GalaxE data and could not view the account details or even determine whose account it was viewing. Only limited activity associated with defense counsel or her office was visible. Importantly, even if greater access had been or is provided to the attorney's drive, it would not provide the necessary information concerning Defendant's activity relating to the GalaxE data before its purported transfer to his attorney. The artifacts needed for Consilio's forensic investigation and analysis reside in Defendant's Google Drive account. Even if Defendant deleted the GalaxE data from his own drive after transferring it to his attorney, Defendant's Google Drive activity log could still contain relevant information concerning his actions.

In response to our request for account holder-level access to Defendant's Google Drive, defense counsel proposed that she would provide screenshots of everything in Defendant's Google Drive related to GalaxE, including the contents of any folder containing information uploaded from the laptop to the drive in 2018. First and foremost, what defense counsel proposes is not a forensically sound way for Consilio to perform its expert inspection and analysis of the drive and

GIBBONS P.C.

Hon. Katharine Polk Failla, U.S.D.J.
January 13, 2021
Page 4

Defendant's activities, nor should Consilio be forced to depend on what defense counsel, in her discretion, provides. Moreover, the proposed screenshots are merely static images of folder structures and documents and would not reveal activity. Finally, it is our understanding that Defendant deleted the GalaxE data from his drive after transferring it to his attorney so it is unclear what defense counsel proposes to show to Consilio. Defense counsel also offered to provide screen shots of the GalaxE folders in her Google Drive to show when Defendant made the transfer but as previously explained, this information is of no value because it would not show Defendant's pre-transfer activity during the 14-month period he was in exclusive possession of and had access to the GalaxE data.

Finally, defense counsel proposed that Defendant would retain a third party vendor to conduct a detailed search of the drive. GalaxE is the plaintiff in this case and bears the burden of proof at trial. Its expert should be provided with the reasonable and necessary access requested to assess the evidence for itself and offer an expert opinion concerning Defendant's actions relating to the GalaxE data. While Defendant can certainly retain his own vendor, GalaxE should not be forced to rely on a vendor selected by Defendant.

Defendant has expressed concern that his Google Drive contains his private personal information (photographs, tax returns and immigration documents) and his privileged communications with his counsel. Defendant testified that he kept numerous personal documents on his GalaxE laptop throughout his tenure that were commingled with the GalaxE data. When he took the data from his laptop and transferred it to his Google Drive, his personal documents and GalaxE's and its clients documents remained commingled until he segregated them during January and February 2019. GalaxE maintains that when Defendant commingled his personal data with the GalaxE data on his company laptop, he waived his right to now raise privacy concerns. GalaxE's Company Property policy expressly states that employees have no expectation of privacy while utilizing company equipment, and that employees who use GalaxE's equipment consent to a review of any message or document on it. Defendant testified that he received this policy during his deposition. Accordingly, GalaxE's interest in the digital evidence outweighs any privacy concerns Defendant may have. Further, the parties have a Protective Order in place that would allow for the designation of documents as "Confidential" or "Attorneys' Eyes Only."

To be clear, GalaxE has no interest in Defendant's personal data and is not even suggesting that it be permitted to access it. Instead, Consilio would access the Google Drive for its forensic investigation. Consilio does not intend to collect Defendant's personal data but it will explore whether, for example, Defendant renamed a file filled with GalaxE documents to make it appear personal in nature.

Consilio has also proposed safeguards to address Defendant's concerns, including offering to share its screen with Defendant or his counsel while conducting its analysis. This should alleviate any concerns Defendant has about unnecessary invasion of his privacy. If there are any folders or documents that Consilio flags but that Defendant maintains are private or privileged,

they can be identified and defense counsel will be given the first opportunity to review them to evaluate whether they are relevant, private or privileged.

### III. Forensic Images of Defendant's Personal Laptop and Cell Phone Used to Access His Personal Google Drive

Similarly, GalaxE requests that Consilio be permitted to take a forensic image of any personal laptop or cell phone that Defendant used to access his personal Google Drive after the GalaxE data was taken in December 2018. As noted above, Defendant testified that after he copied the GalaxE data to his Google Drive, he accessed the data repeatedly using a personal laptop and personal cell phone. Until this testimony, Defendant had refused to provide any information concerning his personal devices in his written discovery responses. The forensic images provide a further means for Consilio to investigate Defendant's actions with respect to the GalaxE data, including whether he downloaded the data to his personal laptop, copied it to another location (such as an external drive), moved, transferred, emailed or printed it.

### IV. Targeted Review of Defendant's Personal E-Mail Accounts for GalaxE and GalaxE Client Information

Finally, GalaxE requests that defense counsel, or a third-party vendor retained by Defendant, conduct a search and review of the contents of Defendant's personal email accounts to determine whether they contain any information or documents relevant to this matter, and whether there are responsive documents to be produced. To be clear, this should have been done already in order to respond to Plaintiff's discovery requests. Defendant has refused to disclose his personal email accounts in written discovery but our understanding is that Defendant has a Gmail account associated with his personal Google Drive. GalaxE maintains that this request is a reasonable means for GalaxE to investigate whether any of the GalaxE data that Defendant took and to which he had unrestricted access for a 14-month period, or any other GalaxE data, was transmitted using his personal email account(s) to someone other than his present counsel.

GalaxE proposes that the search cover the time period February 2013 – present. Defendant first began working for GalaxE in the United States in February 2013, and this period allows Plaintiff to ensure that Defendant did not transmit any GalaxE or its clients' documents to a personal email address from the beginning of his employment with GalaxE in the United States to the present. Alternatively, and at a minimum, GalaxE proposes that the search cover the time period December 11, 2018 – present. This period, however, is exceptionally narrow and would only cover the transmittal of GalaxE and its clients' documents from the day Defendant was noticed his employment with GalaxE was ending through the present.

Plaintiff proposes that it be permitted to search the February 2013 – present period using the proposed targeted search terms attached as Exhibit A. These terms directly correspond to the GalaxE data Defendant took and the allegations in Plaintiff's complaint. If GalaxE's proposed search terms result in an unexpectedly large hit count or generate a significant number of false

hits, we are prepared to meet and confer with defense counsel to refine them and further discuss the time period.

We thank Your Honor for your consideration. We are available for a further conference concerning these requests at Your Honor's convenience.

    Respectfully submitted,

    Christine A. Amalfe, Esq.
    **GIBBONS P.C.**
    Attorneys for Plaintiff
    GalaxE.Solutions, Inc.

GIBBONS P.C.

Hon. Katharine Polk Failla, U.S.D.J.
January 13, 2021
Page 7

# Exhibit A

**Proposed Search Terms for Defendant's Personal Email Accounts**

| No. | Proposed Terms |
|---|---|
| 1. | GalaxE! |
| 2. | Glx! |
| 3. | GX! |
| 4 | Gx w/7 trace |
| 5. | Gx w/7 quality |
| 6. | Gx w/7 capture |
| 7. | Gx w/7 care |
| 8. | Gx w/7 claims |
| 9. | Gx w/7 engage |
| 10. | Gx w/7 prime |
| 11. | Gx w/7 wave |
| 12. | Gx w/7 infra |
| 13. | Gx w/7 dash |
| 14. | Gx w/7 maps |
| 15. | Gx w/7 ray |
| 16. | Gx w/7 accelerator |
| 17. | Value w/7 momentum! |
| 18. | VM |
| 19. | @valuemomentum.com |
| 20. | Venkat |
| 21. | VP |
| 22. | Rahul |
| 23. | Joshi |
| 24. | RJ |
| 25. | Delet! w/5 laptop! |
| 26. | Delet! w/5 cell! |
| 27. | Delet! w/5 phone! |
| 28. | Delet! w/5 computer! |
| 29. | Wipe! w/5 laptop! |
| 30. | Wipe! w/5 cell! |
| 31. | Wipe! w/5 phone! |
| 32. | Wipe! w/5 computer! |
| 33. | Sale! w/7 strateg! |
| 34. | Sale! w/7 lead! |
| 35. | Business! w/7 strateg! |

GIBBONS P.C.

Hon. Katharine Polk Failla, U.S.D.J.
January 13, 2021
Page 8

| 36. | Business! w/7 develop! |
|---|---|
| 37. | Confident! w/7 agreement! |
| 38. | Confident! w/7 informat! |
| 39. | Proprietary w/7 informat! |
| 40. | Disclose! w/7 confident! |
| 41. | Use! w/7 confident! |
| 42. | Use! w/7 proprietary |
| 43. | Trade w/7 secret! |
| 44. | Client! w/10 informat! |
| 45. | Engage! w/5 letter! |
| 46. | Revenue |
| 47. | EBITDA |
| 48. | Gross w/5 profit |
| 49. | Master w/7 service |
| 50. | MSA |
| 51. | NDA |
| 52. | Nondisclosure |
| 53. | CTC |
| 54. | SOW |
| 55. | Statement w/7 work |
| 56. | Number w/5 engage! |
| 57. | T&M |
| 58. | Time w/5 materials |
| 59. | Key w/5 service! |
| 60. | Cross! w/5 sell! |
| 61 | Identif! w/5 growth! |
| 62 | Horizontal! |
| 63. | Vertical! |
| 64. | CAGR |
| 65. | Compound w/5 annual! |
| 66. | Saas |
| 67. | Software w/5 service |
| 68. | RX |
| 69. | Life w/5 scan |
| 70. | PMX |
| 71. | SQA |
| 72. | Engagement w/5 model |
| 73. | Contract! w/5 template! |
| 74. | Work! w/5 order! |
| 75. | Utilization w/5 report! |

GIBBONS P.C.

Hon. Katharine Polk Failla, U.S.D.J.
January 13, 2021
Page 9

| | |
|---|---|
| 76. | Payroll w/5 list |
| 77. | Sale! w/5 tracker! |
| 78. | PBM |
| 79. | Google w/7 drive! |
| 80. | Google w/7 account! |
| 81. | Download! w/10 email! |
| 82. | Download! w/10 document! |
| 83. | Download! w/10 file! |
| 84. | Cop! w/10 email! |
| 85. | Cop! w/10 document! |
| 86. | Cop! w/10 file! |
| 87. | Transfer! w/10 document! |
| 88. | Transfer! w/10 file! |
| 89. | PST |
| 90. | Sangeeta! |
| 91. | Bharat! |
| 92. | 150 w/15 laid! |
| 93. | 150 w/15 terminat! |
| 94. | 150 w/15 list! |
| 95. | Company! w/15 clos! |
| 96. | Company! w/15 shut! |
| 97. | Company! w/15 sold! |
| 98. | Company! w/15 sell! |
| 99. | Company! w/15 bought |
| 100. | GalaxE w/15 clos! |
| 101. | GalaxE w/15 shut! |
| 102. | GalaxE w/15 sold! |
| 103. | GalaxE w/15 bought |
| 104. | GalaxE w/15 sell! |
| 105. | Trupti w/ Sangeeta |
| 106. | Trupti w/ Bharat |
| 107. | Suresh w/ Sangeeta |
| 108. | Suresh w/ Bharat |
| 109. | Steve w/15 India |
| 110. | Steve w/15 Bangalore |
| 111. | Weiss w/15 India |
| 112. | Weiss w/15 Bangalore |
| 113. | Sandipan w/15 India |
| 114. | Sandipan w/15 Bangalore |
| 115. | Sandipan w/15 disloyal |

GIBBONS P.C.

Hon. Katharine Polk Failla, U.S.D.J.
January 13, 2021
Page 10

| 116. | Sandipan w/ betray! |
|------|---------------------|
| 117. | Sandipan w/ hurt |
| 118. | Tim! w/10 Bryan |
| 119. | Tim |
| 120. | Bryan |
| 121. | Bangalore |
| 122. | Noida |
| 123. | Hyderabad |
| 124. | Unicorn |
| 125. | Project w/7 Universe |
| 126. | Universe |
| 127. | Project w/7 Constel! |
| 128. | Constellation |
| 129. | Arrow |
| 130. | Eagle |
| 131. | Jaguar |
| 132. | Fisher |
| 133. | Lion |
| 134. | Hawk |
| 135. | Condor |
| 136. | Osprey |
| 137. | Star |
| 138. | Johnson & Johnson |
| 139. | Johnson w/5 Johnson |
| 140. | J&J |
| 141. | Express Scripts |
| 142. | Express w/5 Scripts |
| 143. | Coach |
| 144. | Supreme |
| 145. | Quicken! |
| 146. | Quicken w/5 Loan! |
| 147. | ConnectiveRx |
| 148. | Connective w/5 RX |
| 149. | Fiserv |
| 150. | United Healthcare Group |
| 151. | United w/5 Group |
| 152. | UBC |
| 153. | United w/5 Biosource |
| 154. | RxSense |
| 155. | Rx w/5 sense |