UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GALAXE.SOLUTIONS, INC.,

                Plaintiff,

-v.-

SURESH PANDE,

                Defendant.

19 Civ. 4784 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

    The Court is in receipt of Defendant's pre-motion letter requesting permission to file a motion for fees and expenses arising out of discovery expenses incurred by the parties (Dkt. #59), and Plaintiff's letter in opposition and request for attorneys' fees incurred in responding to this request (Dkt. #60). On the record on January 16, 2021, the Court explained that:

> [B]ecause, in particular, we're here this morning because Mr. Pande took these documents that he really didn't have reason to take and then kept them and then didn't tell us about them for a period of time — I will not on this record be receptive to arguments that somehow plaintiff must reimburse defendant or defendant's counsel or defendant's expert witnesses for any of the forensic evaluations that we're going to be talking about today.

(*See* Jan. 26, 2021 Hr'g Tr. 4:17-24 (Dkt. #41)). As an initial matter, the Court does not construe Defendant's request as a motion for reconsideration, as Plaintiff suggests, because on January 26, 2021, the Court noted that it was not considering requiring Plaintiff to reimburse Defendant "on this record." (*Id.* at 4:21). Rather, the Court understands Defendant's request to be an effort to share or avoid expenses after obtaining a clearer picture of the cost of the

forensic analysis necessitated by Defendant's actions in this case, which actions include his peculation of Plaintiff's confidential documents and his subsequent decision to commingle those documents with purportedly privileged communications with his counsel.

Nevertheless, for the reasons this Court has articulated repeatedly in this case (*see, e.g.*, Jan. 26, 2021 Hr'g Tr. 2:24-5:4, 36:15-25), Defendant's motion is DENIED. In sum, this case remains embroiled in expensive discovery and excessive motion practice *precisely* because of Defendant's misconduct, such as transferring Plaintiff's proprietary and confidential documents to his personal storage devices, wiping clean his laptop, concealing those proprietary documents, and commingling personal and privileged documents with those proprietary documents (*see generally* Jan. 26, 2021 Hr'g Tr.) — all of which undercut the salience of Defendant's current representation to the Court that he downloaded only information he "legitimately ha[d] access to during … employment." (Dkt. #59 at 3). The Court also accepts Plaintiff's argument that Defendant's expenses are in large part the product of imperfect compliance with the Court's orders. Furthermore, and contrary to Defendants unsupported allegations that his misconduct is vindicated by the expert analysis completed to date (*see id.*), the Court accepts Plaintiff's representations that its review of Defendant's emails discloses the transfer of certain of Plaintiff's documents or information to third parties (*see* Dkt. #60 at 3).

Turning next to Plaintiff's request for fees, including in particular fees incurred in responding to Defendant's request, that motion is DENIED without prejudice for its renewal at a later date, for example, if the forensic analysis were to reveal previously undiscovered misconduct by Defendant, or as part of a motion for fees and expenses at the close of this case, if and as appropriate. As noted, however, given the Court's statements on the record on January 26, 2021, that it was "not today on this record" considering cost-shifting (Jan. 26, 2021 Hr'g Tr. 5:2), the Court does not believe Defendant's request to be frivolous.

SO ORDERED.

Dated: May 27, 2021
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge